UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDRA KISHOR, | No. 2:21-cv-1359 DB P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| GIGI MATTESON, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case was transferred in from the United States District Court for the Northern District of California on July 30, 2021. (ECF No. 7.) Petitioner claims that he should be released from custody because of the COVID-19 pandemic. For the reasons set forth below, the court will recommend that the petition be dismissed because petitioner's claim is not cognizable in federal habeas.

**IN FORMA PAUPERIS**

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**SCREENING**

**I.     Screening Requirement**

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to

1

Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## II.  The Petition

Petitioner indicates that he is challenging a 2000 conviction in the Sacramento County Superior Court. (ECF No. 1 at 2.) However, in attachments to the exhibit it appears that his claim is that he should be released from custody based on the COVID-19 pandemic. (Id. at 7-18.) Petitioner argues that his continued incarceration poses an unreasonable threat in light of the COVID-19 pandemic because he is 67 years old and has underlying health conditions.

## III.  Conditions of Confinement

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, [pursuant to] 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad, 540 U.S. at 750.

Even though petitioner seeks release, the allegations presented in the petition relate to the conditions of his confinement rather than the validity or duration of his sentence or conviction. "Habeas is not available for review of the conditions of confinement," therefore, petitioner's claims are more properly brought in a § 1983 action. See Johnson v. Jared, No. 2:20-cv-0934 KJM AC P, 2020 WL 4507439 (E.D. Cal. May 18, 2020), findings and recommendations adopted, 2020 WL 4501743 (E.D. Cal. Aug. 5, 2020) (dismissing habeas petition alleging petitioner should be released due to COVID-19 because the claims alleged were more appropriately brought in a § 1983 action); Bowman v. California, No. EDCV 19-00184 RGK (RAO), 2019 WL 4740538, at *1-2 (C.D. Cal. June 26, 2019) (finding exclusive vehicle for claims related to adequacy of medical care is a § 1983 claim even though petitioner sought release from custody); Dilbert v. Fisher, No. 1:20-cv-1835 DAD JLT (HC), 2021 WL 540379 at *2 (E.D. Cal. Jan. 11, 2021), findings and recommendations adopted, 2021 WL 1721397 (E.D.

////

Cal. Apr. 30, 2021) (dismissing petition arguing for release based COVID-19 and petitioner's high-risk medical designation because claim was more appropriately brought under § 1983).

Because petitioner's claims are more properly brought in a § 1983 action, the court will recommend that the petition be dismissed.

### IV.     Court Declines to Construe Petition as a § 1983 Complaint

In an appropriate case, a district court can convert a habeas petition into a civil rights complaint. Nettles v. Grounds, 830 F.3d 922, 935-36 (9th Cir. 2016) (en banc). However, the court declines to consider conversion of this action because there are several significant differences in a proceeding in habeas corpus compared to a civil rights action. For instance, the filing fee for a habeas petition is $5, and if leave to proceed in forma pauperis is granted, as it has been here, the fee is forgiven. For civil rights cases, however, the fee is $400 and under the Prison Litigation Reform Act the prisoner is required to pay $350, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. See 28 U.S.C. § 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the fee would be deducted from income to his or her account.

Additionally, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. Based on these differences between habeas and civil rights cases, and because, as set forth below, petitioner likely cannot obtain relief under § 1983, the court declines to convert this action to a civil rights case.

### MOTION TO APPOINT COUNSEL

Petitioner filed a motion acknowledging that his case had been transferred and requesting the appointment of counsel. (ECF No. 10.) Petitioner did not provide any arguments in support of his request for counsel.

There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so

require." See Rule 8(c), Fed. R. Governing § 2254 Cases. Because the court has determined that petitioner's claims are not cognizable in federal habeas, the interests of justice would not be served by the appointment of counsel. Accordingly, the court will deny the motion.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Petitioner's request for appointment of counsel (ECF No. 10) is denied; and
2. The Clerk of the Court shall randomly assign this action to a United States District Judge.

IT IS HEREBY RECOMMENDED that the petition be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 18, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Habeas/S/kish1359.scrn+110